UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY JOHNSTON and
JAY L. FUSS,

                Plaintiffs,

           v.                                                 Case No. 20-C-810

MARK J. MCGINNIS and
THOMAS M. NELSON,

                Defendants.

## SCREENING ORDER

Plaintiffs Jay L. Fuss, who is currently incarcerated at the Outagamie County Jail, and Kimberly Johnston, who apparently lived with Fuss prior to his incarceration, filed a complaint under 42 U.S.C. § 1983, alleging that their civil rights were violated. Plaintiffs have paid the $400.00 filing fee. Regardless of Plaintiffs' fee status, the court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A.

### SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or

she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### THE COURT'S ANALYSIS

Plaintiffs name Outagamie County Circuit Court Judge Mark J. McGinnis and County Executive Thomas M. Nelson as defendants. Plaintiffs' allegations are confusing and difficult to follow. Plaintiffs allege that Judge McGinnis knew that Fuss is a known substance user and has a record of substance abuse and that he is a protected disabled individual under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 et seq. They also assert that Judge McGinnis ignored a cohabitation clause when seizing Fuss' property, resulting in the unreasonable seizure of Johnston's property in violation of the Fourth Amendment. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a

2

person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

"A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). In other words, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 459 (1978). Based on the allegations contained in the complaint, the court is unable to determine whether Judge McGinnis engaged in any act that would subject him to liability to either plaintiff. If the Judge merely granted an application for a search warrant, as appears likely, then he would be immune from suit, even if Fuss is considered disabled within the meaning of the ADA. Since the court cannot discern what if any claim Plaintiffs may have, the complaint will be dismissed with leave to replead to allow Plaintiffs one more chance to state a claim. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("Courts should grant pro se litigants leave to amend a complaint at least once, unless it is certain from the face of the complaint that amendment would be futile or otherwise unwarranted.").

The court is also unable to discern from the allegations of the complaint any claim against Thomas Nelson. Plaintiffs do not dispute that Judge McGinnis has judicial immunity. Instead, they assert that the county and the court are liable for his actions. But Judge McGinnis is not an employee or agent of the County. Even if he was the County's agent or employee, the County would not be liable because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). In addition,

3

although Plaintiffs name Thomas M. Nelson as a defendant, the complaint does not contain any allegations against him.  Accordingly, the complaint will also be dismissed as to him, but again with leave to amend.

If Plaintiffs wants to proceed, they must file an amended complaint curing the deficiencies in the original complaint as described herein.  Such amended complaint must be filed on or before **July 6, 2020**.  Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiffs are advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading."  *Id.* at 1057 (citation omitted).  If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that on or before **July 6, 2020**, Plaintiffs shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Dkt. No. 9) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff Fuss is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.  The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiffs are further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 8th day of June, 2020.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court - WIED

5

Case 1:20-cv-00810-WCG   Filed 06/08/20   Page 5 of 5   Document 12