UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY JOHNSTON and
JAY L. FUSS,

        Plaintiffs,

        v.                                    Case No. 20-C-810

MARK J. MCGINNIS and
STATE OF WISCONSIN,

        Defendants.

## SCREENING ORDER

Plaintiffs Kimberly Johnston and Jay L. Fuss, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that their civil rights were violated. The court entered a screening order finding that Plaintiffs had failed to state a claim but allowed Plaintiffs until July 6, 2020, to file an amended complaint curing the defects identified by the court. Dkt. No. 12. Johnston filed an amended complaint on behalf of herself and Fuss on July 7, 2020. Rule 11(a) of the Federal Rules of Civil Procedure requires that every "pleading, written motion, or other paper" be signed by either an attorney action on a litigant's behalf, or by the litigant himself. Fed. R. Civ. P. 11(a); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). The Seventh Circuit has made clear that "an individual may appear in federal courts only *pro se* or through counsel." *Lewis v. Lenc-Smith Mfg.*, 784 F.2d 829, 830 (7th Ci. 1986) (citation omitted). Since Fuss did not sign the complaint, he will be

dismissed as a plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. The court will now screen Johnston's complaint against Mark J. McGinnis and the State of Wisconsin.

## SCREENING OF THE COMPLAINT

Regardless of whether a litigant has paid the applicable filing fee, the court is authorized to screen the complaint to "save everyone time and legal expense." *See Hoskins v. Poelstra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## THE COURT'S ANALYSIS

Johnston alleges that Judge McGinnis retaliated against her by ordering that Johnston's property, valued at about $2,000.00, be given to Fuss's ex-wife in Fuss's divorce proceeding, *In re the Marriage of Amy L. Fuss and Jay L. Fuss*, Case No. 2010FA185 (Outagamie Cty. Wis.). She alleges that, even though she lives with Fuss and helps take care of him, her property is separate from his, and therefore, Judge McGinnis could not take her property without due process. She also claims that the State of Wisconsin has allowed Judge McGinnis to "run roughshod" over the rights of individuals who aid those who are disabled. Dkt. No. 16 at 7.

"A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). As a result, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). In assessing whether a defendant is entitled to judicial immunity, the court considers "'whether it is a function normally performed by a judge' and the 'expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity'" and "whether the act 'involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge.'" *Kowalski v. Boliker*, 893 F.3d 987, 998 (7th Cir. 2018) (citations omitted). Based on Johnston's allegations, the court concludes that Judge McGinnis is immune from liability in this action. Johnston only complains about actions Judge McGinnis took in his judicial capacity. Therefore, Johnston's claims against Judge McGinnis must be dismissed. In addition, Johnston cannot assert a claim against the State of Wisconsin because it is entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Johnston has provided no

3

Case 1:20-cv-00810-WCG   Filed 07/20/20   Page 3 of 4   Document 19

arguable basis for relief, having failed to make any rational argument in law or fact to support her claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992).

**IT IS THEREFORE ORDERED** that Fuss is dismissed as a plaintiff from this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Dkt. No. 17) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 20th day of July, 2020.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.